UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FRED MOTT, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:09-CV-218 RM |
| | ) |
| ED BUSS, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Fred Mott, a prisoner currently confined at the Kern Valley State Prison in Delano, California, filed a complaint under 42 U.S.C. § 1983 alleging that Indiana State Prison ("ISP") Superintendent Ed Buss and ISP Property Officer B. Scott, violated his federally protected rights by losing property belonging to him. Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

Mr. Mott brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Burrell v. City of Matoon, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983,

a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Mott was confined at the Indiana State Prison before going to the California prison system. He alleges that the defendants lost personal property that he had while he was at the ISP, including a J-Win boombox, ten cassette tapes, a combination lock, and two styrofoam coolers. Mr. Mott says he filed a notice of tort claim with the state and has attached a copy of his tort claim notice to his complaint. Mr. Mott alleges that the defendants' actions violated the Fourteenth Amendment's due process clause and asks for compensatory and punitive damages.

The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property, without due process of law." But there is no loss of property without due process of law if a state provides an adequate post-deprivation remedy for the loss. Hudson v. Palmer, 468 U.S. 517, 530-531 (1984). The Indiana tort claims act, IND. CODE § 34-13-3, provides a sufficient remedy for loss of personal property. Hossman v. Spradlin, 812 F.2d 1019, 1023 (7th Cir. 1987); Wilson v. Civil Township of Clayton, 839 F.2d 375 (7th Cir. 1988). Since Indiana provides an adequate remedy for the deprivation of property by prison officials, the loss of Mr. Mott's property by the defendants states no claim upon which relief can be granted under § 1983. Mr. Mott filed a notice of tort claim and may pursue his remedies on this claim in state court.

Mr. Mott also asks this court to grant declaratory relief, "declar[ing] the acts and omissions of defendants Ed Buss and Officer B. Scott to be a violation of IDOC policy No. 02-01-101." (Complaint at p. 6). This court may not entertain Mr. Mott's request that it grant declaratory relief based on state law or policies promulgated by the Indiana Department of Correction because the Eleventh Amendment precludes this court from granting the plaintiff injunctive or declaratory relief on state law. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984).

> A federal court's grant of relief against state officials on the basis of state law, . . . does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

Id. at 106. To require Indiana officials to conform their conduct to Indiana law or IDOC policies Mr. Mott must look to his state court remedies.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(2), the court DISMISSES this complaint without prejudice to the plaintiff's right to seek redress in state court.

SO ORDERED.

ENTERED: May  26 , 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: F. Mott