UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| FRED MOTT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| vs. | ) | CAUSE NO. 3:09-CV-218 RM |
|  | ) |  |
| ED BUSS, *et al.*, | ) |  |
|  | ) |  |
| Defendants | ) |  |

## OPINION AND ORDER

Fred Mott, a prisoner currently confined at the Kern Valley State Prison in Delano, California, filed a complaint under 42 U.S.C. § 1983 alleging that Indiana State Prison ("ISP") Superintendent Ed Buss and ISP Property Officer B. Scott, violated his federally protected rights by disposing of property belonging to him without affording him due process. On May 26, 2009, the court dismissed Mr. Mott's complaint pursuant to 28 U.S.C. § 1915A. Mr. Mott has now moved to reconsider and vacate the opinion and order dismissing his complaint. Giving Mr. Mott the benefit of the mailbox rule, he filed his motion to reconsider within ten days of judgment being entered, and the court will consider his filing as a motion filed pursuant to Fed. R. Civ. P. 59(e).

> Altering or amending judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence and fraud. While the two rules have similarities, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Rule 59(e), by contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief.

Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. Ill.) (citations omitted).

Mr. Mott alleged in his complaint that the defendants improperly disposed of personal property he had while he was at the ISP, including a J-Win boombox, ten cassette tapes, a combination lock, and two Styrofoam coolers. Mr. Mott alleged that the defendants' actions violated the Fourteenth Amendment's due process clause and asked for compensatory and punitive damages.

The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property, without due process of law." There is no loss of property without due process of law if a state provides an adequate post-deprivation remedy for the loss. Hudson v. Palmer, 468 U.S. 517, 530-531 (1984). The Indiana tort claims act, IND. CODE § 34-13-3, provides a sufficient remedy for loss of personal property. Wynn v. Southward, 251 F.3d 588 (7th Cir. 2001); Hossman v. Spradlin, 812 F.2d 1019 (7th Cir. 1987); Wilson v. Civil Township of Clayton, 839 F.2d 375 (7th Cir. 1988). Since Indiana provides an adequate remedy for the deprivation of property by prison officials, the court concluded that Mr. Mott's property loss stated no claim upon which relief can be granted under § 1983.

In his motion to alter or amend judgment, Mr. Mott states that "the court's characterization of Plaintiff's allegation against . . . ("ISP") officials, 'losing property belonging to him.' is inaccurate. Plaintiff alleged that ISP officials unlawfully disposed of personal property belonging to him and did not afford him the process due . . . ." (Docket # 6-1 at p. 1). He cites Hudson v. Palmer, 468 U.S. at 530-531 for the proposition that states shall not deprive persons of property without due process of law and asserts that "[t]he process due in this instance . . . is set forth in IDOC Policy No. 02-01-101." (*Id.*).

2

The court accepts that the allegations of the complaint assert that the defendants "disposed" of his property rather than "lost" it, as stated in the court's order of May 26, 2009. But this doesn't change the result of a Fourteenth Amendment due process analysis or preclude the dismissal of this complaint. Indeed, Hudson v. Palmer, the case Mr. Mott cites, supports the dismissal of his complaint.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." In Parratt v. Taylor, 451 U.S. 527, 535 (1981), the Supreme Court held that a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss of property meets the requirements of the due process clause by providing due process of law. In Hudson v. Palmer, the Court extended the holding of Parratt to include intentional deprivations of property by state employees where the state provided a meaningful post-deprivation remedy for the loss. Hudson v. Palmer, 468 U.S. at 530-531. Mr. Mott's allegation that the defendants intentionally deprived him of his property fall within the holding of Hudson v. Palmer. *See* Gable v. City of Chicago, 296 F.3d 531, 539-540 (7th Cir. 2002).

Mr. Mott suggests that by not following the procedures set forth in Indiana Department of Correction Policy No. 02-01-101, the defendants deprived him of property without due process. But under the holding of Hudson v. Palmer, so long as the state provides a post-deprivation remedy for loss of property, it does not matter whether prison officials followed a pre-deprivation remedy established by departmental policy.

In his motion to alter or amend judgment, Mr. Mott asserts as his second claim that "[t]he court based its dismissal order on an erroneous assumption" that the Indiana tort

3

claims act provided him with an adequate post-deprivation remedy. (Docket #6-1, p. 2). Mr. Mott states that he filed a tort-claim action in the Laporte Superior court but that court denied his motion to proceed *in forma pauperis*, raising a "money bar" that "effectively forecloses Plaintiff's access to Indiana courts and the remedy intended by the Indiana Tort Claims Act." (*Id.*). The LaPorte Superior Court's denial of Mr. Mott's request to proceed *in forma pauperis* doesn't establish that Indiana's remedy is inadequate. *See* Hamlin v. Vaudenberg, 95 F.3d 580, 585 (7th Cir. 1996) (holding that a post-deprivation remedy must be "meaningless or nonexistent" to be inadequate). The United States Court of Appeals for the Seventh Circuit has specifically held Indiana's tort claim remedy to be an adequate post-deprivation remedy. Wynn v. Southward, 251 F.3d at 593; Hossman v. Spradlin, 812 F.2d 1019. If Mr. Mott wishes to challenge the adequacy of Indiana's tort claim process as a post-deprivation remedy, he must present his arguments to the Seventh Circuit.

For the foregoing reasons, the court DENIES the plaintiff's motion to reconsider and vacate the opinion and order dismissing his complaint (docket #6).

SO ORDERED.

ENTERED: July  9 , 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: F. Mott

4